IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRISTOPHER HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv1381 (GBL/TRJ) |
| ) | |
| CREDITORS INTERCHANGE ) | |
| RECEIVABLE MANAGEMENT, LLC ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Creditors Interchange Receivable Management, LLC ("Creditors Interchange" or "Defendant"), by counsel, in answer to the Complaint filed by Plaintiff Christopher Harrison ("Plaintiff"), states as follows:

**PRELIMINARY STATEMENT**

1. Responding to the allegations of paragraph 1, Creditors Interchange admits that Barclays Bank ("Barclays") referred an account in the name of Christopher Harrison to Creditors Interchange for collection in 2010. Creditors Interchange further admits that in April and May of 2010, Creditors Interchange attempted to contact Plaintiff regarding the Barclays debt. Creditors Interchange is without information sufficient to admit or deny the remaining allegations of paragraph 1, and accordingly denies the same. Creditors Interchange further denies the allegation that it took action in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## PARTIES

2. Responding to the allegations of paragraph 2, Creditors Interchange admits that Plaintiff is a natural person but lacks information sufficient to admit or deny the allegation that Plaintiff is a citizen of the Commonwealth of Virginia. Creditors Interchange further states that the allegations that Plaintiff is a "consumer" and that the matter at issue involves a "debt" constitute legal conclusions to which no response is required. To the extent an answer is required, Creditors Interchange admits, upon information and belief, the allegation that Plaintiff is a "consumer" and the matter at issue is a "debt" as defined by the FDCPA.

3. Responding to the first and second sentences of paragraph 3, Creditors Interchange admits that it is a foreign corporation, which conducts business in Virginia and maintains a registered agent in Virginia, and that the principal purpose of its business is the collection of debts. Responding to the third sentence of paragraph 3, Creditors Interchange states that any written correspondence from Creditors Interchange to Plaintiff speaks for itself, and Creditors Interchange denies any interpretation inconsistent therewith. Responding to the fourth sentence of paragraph 3, Creditors Interchange states that the allegation that Creditors Interchange is a debt collector pursuant to the FDCPA is a legal conclusion to which no response is required. To the extent an answer is required, Creditors Interchange admits the allegation that it is a debt collector as defined by the FDCPA.

## JURISDICTION & VENUE

4. The allegations of paragraph 4 are jurisdictional and venue allegations to which no response is required. To the extent that a response is required, Creditors Interchange states that this Court has jurisdiction over certain claims pursuant to the statutes cited by Plaintiff, but denies that any conduct by Creditors Interchange gives rise to any liability in favor of Plaintiff.

Creditors Interchange states that upon information and belief, venue is proper within this district. Creditors Interchange further admits that Plaintiff seeks redress under the FDCPA, but denies violating the FDCPA. Creditors Interchange further denies that Plaintiff is entitled to the relief requested herein.

## FACTUAL ALLEGATIONS

5. Creditors Interchange lacks information sufficient to admit or deny the allegations of paragraph 5, and accordingly denies those allegations.

6. Responding to the allegations of paragraph 6, Creditors Interchange admits that a Barclays account in the name of Christopher Harrison was referred to Creditors Interchange for collection. Creditors Interchange further admits that it initiated collection of the debt owed by Christopher Harrison.

7. Responding to the allegations of paragraph 7, Creditors Interchange admits that Kevin Rice was employed by Creditors Interchange during the time period referenced in the Complaint. Creditors Interchange lacks information sufficient to admit or deny the remaining allegations of paragraph 7, and accordingly denies those allegations as phrased.

8. Responding to the allegations of paragraph 8, Creditors Interchange admits that Kevin Rice attempted to contact Plaintiff on April 5, 2010 regarding the Barclays debt. Creditors Interchange denies the remaining allegations of paragraph 8.

9. Creditors Interchange denies the allegations of paragraph 9.

10. Creditors Interchange denies the allegations of paragraph 10.

11. Creditors Interchange denies the allegations of paragraph 11.

12. Creditors Interchange lacks information sufficient to admit or deny the allegations of paragraph 12, and accordingly denies the same.

13. Creditors Interchange denies the allegations of the first sentence of paragraph 13. Creditors Interchange lacks information sufficient to admit or deny the allegations of the second sentence of paragraph 13, and accordingly denies the same.

14. Creditors Interchange lacks information sufficient to admit or deny the allegations of paragraph 14, and accordingly denies the same.

15. Creditors Interchange lacks information sufficient to admit or deny the allegations of paragraph 15, and accordingly denies the same.

16. Creditors Interchange denies the allegations of paragraph 16.

17. Creditors Interchange denies the allegations of paragraph 17.

18. Creditors Interchange lacks information sufficient to admit or deny the allegations of paragraph 18, and accordingly denies the same.

## COUNT ONE

19. Creditors Interchange incorporates by reference its responses to paragraphs 1-18 as if set forth in full herein.

20. Creditors Interchange denies the allegations of paragraph 20.

21. Creditors Interchange denies the allegations of paragraph 21.

22. Creditors Interchange denies the allegations of paragraph 22 and further denies that Plaintiff is entitled to the relief sought herein.

23. All allegations not admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2.     The alleged violations of the FDCPA, if proven, were not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

3.     The Complaint fails because Creditors Interchange followed proper procedures under the FDCPA.

4.     Plaintiff's claim may be barred by the doctrines of laches, unclean hands, waiver and estoppel.

5.     Plaintiff's claim fails because Plaintiff can prove neither injury in fact nor causation for any alleged violation of the FDCPA.  If Plaintiff was injured and damaged as alleged, which injury and damage is specifically denied, then any injury and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate or otherwise, for whose conduct Creditors Interchange is not responsible.

6.     Creditors Interchange is entitled to a set-off, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.  Creditors Interchange is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

7.     Plaintiff's alleged damages, if any, were proximately caused by the acts, negligence or fault of other persons or entities for whom Creditors Interchange is not legally liable or responsible.

8.     Plaintiff has failed to mitigate damages, if any, in the manner and to the extent required by law.

9. The Complaint fails to allege facts sufficient to merit a recovery of actual or statutory damages, interest, attorneys' fees, and costs.

10. Creditors Interchange intends to rely upon any and all other defenses, as may be developed through discovery and the evidence, and Creditors Interchange reserves the right to alter, amend, or add to this Answer and these Affirmative Defenses at any time prior to trial or during trial, to conform the same to the evidence produced in discovery or at trial.

WHEREFORE, having fully answered, Defendant Creditors Interchange Receivable Management, LLC, by counsel, respectfully requests that this action be dismissed with prejudice, and that Creditors Interchange be awarded its attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREDITORS INTERCHANGE RECEIVABLE
MANAGEMENT, LLC


/s/_____
Megan S. Ben'Ary (Va. Bar No. 47349)
Joanna L. Faust (Va. Bar No. 72930)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com
Joanna.Faust@leclairryan.com
*Counsel for Creditors Interchange Receivable Management, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 12th day of January, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following:

A. Hugo Blankingship, III, Esquire
Thomas B. Christiano, Esquire
Blankingship & Christiano, P.C.
1984 Isaac Newton Square, #304
Reston, Virginia 20190
*Counsel for Plaintiff Christopher Harrison*

            /s/_____
            Joanna L. Faust (Va. Bar No. 72930)
            LeCLAIRRYAN, A Professional Corporation
            2318 Mill Road, Suite 1100
            Alexandria, VA  22314
            Telephone: (703) 684-8007
            Facsimile:  (703) 647-5983
            Joanna.Faust@leclairryan.com
            *Counsel for Creditors Interchange Receivable*
            *Management, LLC*